UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EAGLE VISTA EQUITIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>YAEL EVEN, DONALD REDMON, et al.,<br><br>Defendants. | Case No.: 15cv2533 AJB (KSC)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION, (Doc. No. 1); AND**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
|---|---|

### *INTRODUCTION*

On November 9, 2015, Defendant Donald Redmon ("Redmon"), acting *pro se*, filed a notice of removal, (Doc. No. 1), and an application to proceed *in forma pauperis*, (Doc. No. 2).[1] The notice of removal seeks to remove an unlawful detainer proceeding

---

[1] Defendants Yael Even and Donald Redmon both named as defendants in the state court complaint. However, because the Court finds it lacks subject matter jurisdiction over the instant matter, the Court need not address this procedural defect. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."). Additionally, a notice of related case filed by Plaintiff, (Doc. No. 4), also lists other defendants, including Shannon Redmon, Kevin Stephens, and Rebecca Stephens.

initiated in Los Angeles Superior Court by Eagle Vista Equities, LLC, the Plaintiff in this action. (Doc. No. 1.) For the reasons set forth below, the Court *sua sponte* **REMANDS** the action to Los Angeles County Superior Court for lack of subject matter jurisdiction and **DENIES AS MOOT** Redmon's application to proceed *in forma pauperis*. (Doc. Nos. 1, 2).

## *DISCUSSION*

An action is removable to a federal court only if it could have been brought there originally. *See* 28 U.S.C. § 1441(a). As set forth in the notice of removal, Redman alleges the Court has diversity jurisdiction over the present action. (Doc. No. 1 at 2−3.) The notice of removal alleges that Plaintiff is not organized or licensed to do business in California, but does not set forth the citizenship of either Defendant for the purposes of diversity jurisdiction. (Doc. No. 1.) Additionally, review of the complaint filed in state court demonstrates the underlying claim is for post-foreclosure unlawful detainer, and that Plaintiff's demand does not exceed $10,000 in damages. (*See* Doc. No. 1-2.) Upon review of the documents presently before the Court, the Court concludes it does not have jurisdiction over Plaintiff's claim, and therefore remand is appropriate.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are strictly construed against removal." *Luther v. Countywide Home Loans Serv., L.P.*, 533 F.3d 1031, 1034 (9th Cir. 2008). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

Redmon asserts federal jurisdiction is appropriate pursuant to diversity jurisdiction. (*See* Doc. No. 1 ¶ 5.) For a federal court to exercise diversity jurisdiction there must be

"complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Redmon fails to establish diversity jurisdiction exists. Although Redmon argues Plaintiff is not "organized or licensed to do business in California," the notice of removal fails to allege the citizenship of defendants or assert the amount in controversy is satisfied. In fact, the underlying state court complaint establishes Plaintiff seeks an amount less than $10,000 in damages. (*See* Doc. No. 1-2.)

Additionally, it is also clear that Plaintiff's post-foreclosure unlawful detainer action does not arise under the federal law. *See Southland Homes Real Estate & Inv., LLC v. Lam*, 2011 WL 781243 (C.D. Cal. Feb. 25, 2011); *Galileo Fin. v. Park*, 2009 WL 3157411 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Although Redmon asserts his property was "a federally related mortgage," that is insufficient to confer federal jurisdiction over Plaintiff's claim of unlawful detainer.[1] (*See also* Doc. No. 4-1) (previously remanding this case after removal to the Central District of California).

Notably, Redmon removed the action to the Central District of California on a prior occasion, after which the district court remanded the case for lack of subject matter jurisdiction. (*See* Doc. Nos. 4, 4-1.) On November 11, 2015, Plaintiff filed a notice of

---

[1] Additionally, because the underlying action was filed in Los Angeles County Superior Court, removal to the Southern District of California was improper to 28 U.S.C. § 1441(a) (noting removal is proper to the district court of the United States for the district and division embracing the place where such action is pending).

related case informing the Court that Redmon previously removed this matter to federal court. Redmon is cautioned against further dilatory tactics and meritless removals of the post-foreclosure unlawful detainer action to federal court. Regardless of the federal district court to which Redmon removes the case, each court's determination of jurisdiction will remain the same. This action is not one in which diversity jurisdiction exists, or one that arises under federal law. Accordingly, state court is, and remains, the appropriate forum for resolution of Plaintiff's claims. Further removal of this case to federal court will not be looked at with favor and may well warrant further action by Plaintiff as indicated in the notice of related case filed on November 11, 2015.[2] Finally, aside from the jurisdictional defects in Redmon's current and former removals of this case to federal court, procedural deficiencies exist that further preclude removal from being deemed appropriate. *See* 28 U.S.C. § 1446.

## *CONCLUSION*

Thus, finding the Court lacks jurisdiction over the underlying matter, the Court *sua sponte* **REMANDS** the action to Los Angeles County Superior Court. Accordingly, Defendant's application to proceed *in forma pauperis* is hereby **DENIED AS MOOT**. The Clerk of Court is instructed to remand the case and close the file.

**IT IS SO ORDERED**.

Dated:  November 18, 2015

Hon. Anthony J. Battaglia
United States District Judge

---

[2] In its notice of related case, Plaintiff indicated its intent to file a motion to remand and a motion to declare Defendants vexatious litigants and for additional sanctions. (Doc. No. 4 at 2.) Just before this order was issued, Plaintiff filed a motion to remand and a motion to declare Defendants vexatious litigations. (Doc. Nos. 6, 7.) In light of the Court's sua sponte determination that it lacks jurisdiction over this matter, Plaintiff's motions are **DENIED AS MOOT WITHOUT PREJUDICE**. As set forth above, however, Defendants are cautioned against further federal filings made for the sole purpose of delaying resolution of the unlawful detainer action.